# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MUY Pizza-Tejas, LLC; MUY Brands, LLC; MUY Hamburger Partners, LLC; Hyunju Choi; Jungmin Lee; Seung Jae Jeon; Sung Shin Lee; Nahyun Lee; Ho Joon Choi; Sungshim Kim; Gieop Bae; Dahye Bae; Ji Yeon Kim; Junghee Kho; Jason Yu Hock Tan; Seungji Hong; Yunkyung Choi; Seongjun Park; Hana Seo; Ui Jun Hong; Mai Thi Phuong Dao; Van Thi Khanh Ngo; Yan Yi Tai; Yi-Hsuan Lin; Sang Thanh Phan; Chun-Ling Lee; Tuyet Thi Nguyen; Vuong Van Vu; Son Thai Le; Linh Thi Hong Nguyen; Thao Thi Quuynhh Dang; Yi Eun Lim; Giang Vu Huong Nguyen; Taehun Kang; Kil Hoon Lee; Dongchun Shin; Quang Minh Thai; Byungdoo Choi; Ching Hang Yung; Tien Thi Thuy Le; Yim Ling Kwan; Jaeheon Shin; Kyu Jin Ham; Truong Quang Nguyen; Hung Huu Quoc Nguyen; Trang Thi Ngoc Nguyen<br><br>                    Plaintiffs,<br>          v.<br><br>Peter Gaynor, Acting Secretary of the Department of Homeland Security; Kenneth T. Cuccinelli in his purported authority as Acting Director of U.S. Citizenship and Immigration Services[1]; United States Citizenship and Immigration Services; Jeffrey A. Rosen, Acting U.S. Attorney General; Christopher Wray, Director of Federal Bureau of Investigations; Federal Bureau of Investigations; Mike Pompeo, U.S. Secretary of State; U.S. Department of State, an Agency of the United States; in their official capacity<br><br>                    Defendants. | Case No.: 5:21-cv-48 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.       Plaintiffs, MUY Pizza-Tejas, LLC; MUY Brands, LLC; MUY Hamburger Partners,

LLC; (Petitioners), and foreign national beneficiaries (Beneficiaries), respectfully submit this

---

[1] Federal courts have ruled that Mr. Cuccinelli was unlawfully appointed to his position. Should he, or any of the other Directors of the agencies be removed from office during the pendency of this case, we wish to substitute their newly appointed replacements.

1

complaint to compel Defendants and those acting under them to take all appropriate action on all pending applications and proceed to the next step in their immigration process.

2.      Plaintiff Petitioners have filed employment-based visa petitions and ancillary filings between three and five years ago. Plaintiffs have diligently pursued these matters, but have been unable to complete the immigration process due to unreasonable delays. Plaintiffs' cases have languished at various stages in the immigration process and delays have far exceeded Defendants' own posted processing time schedule by several years.

3.      Twenty-seven of the Plaintiff Beneficiaries are present in the U.S. and have properly filed form I-485, Application to Register Permanent Residence with Defendant United States Citizenship and Immigration Services (USCIS). They have been waiting over two years, and some as long as five years, for adjudication of their petitions. In the meantime, they are in legal limbo, without legal status and unable to plan for their futures. USCIS's own posted processing times for employment-based I-485 petitions are 11.5-30 months. Plaintiffs have been waiting far longer without hope of adjudication in sight.

4.      Five of the Plaintiff Beneficiaries are outside of the U.S., waiting in limbo for either USCIS to send their approved I-140 petitions to the National Visa Center for processing or for the National Visa Center to send their cases to the consulates so they can be scheduled for an interview at a consulate in their home countries. They have been waiting approximately two and a half to four years since their I-140 petitions were filed, and no final action has been taken on their cases.

5.      Six of the Plaintiff Beneficiaries are still waiting for a decision on their long pending I-140 petitions. Their petitions were filed between November 2016 and June 2017. They have all been waiting over three and a half years for adjudication of their petitions. Applicants

2

are unable to plan long-term for themselves and their families as they wait years without a response.

6.     Five of the Plaintiff Beneficiaries have had their previously approved I-140 petitions returned to USCIS after they were interviewed at a consulate abroad. Plaintiffs were interviewed between October 2016 and August 2018. Since the date of their interviews, between two and a half to over four years ago, no further action has been taken on their cases which have neither been approved nor denied.

7.   Defendants' failure to timely adjudicate Plaintiffs' petitions is depriving Plaintiff Petitioners of the ability to plan and properly staff their workforce. The delays have forced them to invest additional time and financial resources into the immigration process, which is harming their businesses.

8.   Defendants' failure to timely adjudicate Plaintiff Beneficiaries' petitions and applications is depriving them of the ability to come to the United States to accept the employment offered to them, to obtain permanent status for those who are already here, and to plan for their futures. The uncertainty is causing the Plaintiff Beneficiaries severe emotional distress and the lack of permanent status is causing financial hardship and limiting their ability to provide for themselves and their families. Furthermore, the various filings referenced above allow for derivative family members to be included.  The longer these filings are lingering in black hole without action, the higher the chances children of beneficiaries will "age out" and not be able to be included thereby causing additional harm to the Plaintiff Beneficiaries.

## JURISDICTION AND VENUE

9.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

10. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See M.J.L. v. McAleenan,* 420 F.Supp. 3d 588, 596 (W.D. Tex. 2019) ("a lack of timeframe alone does not render the statute optional.")

11. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiffs' unreasonably delayed petitions, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

12. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction

4

to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Courts have consistently held that they have jurisdiction over similar actions for unreasonable delay. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed application for immigration benefits, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

13. Both the regulations and the Immigration and Nationality Act provide numerous

examples of duties owed by USCIS in the adjudication of immigration benefits such as Plaintiffs' petitions. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

14. As set forth below, the delay in processing the Plaintiffs' properly filed petitions for employment-based visas and applications for adjustment of status is unreasonable.

15. Venue is proper in Western District of Texas pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiffs sue the Defendants in their official capacities as officers and employees of the United States. Plaintiff Petitioners are all based out of San Antonio, TX and therefore reside in this district.

## STANDING

16. The Defendants have caused Plaintiffs to suffer in fact or an invasion of a legally protected interest that is 1) concrete and particularized and 2) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs have been denied the adjudication of their immigration petitions, which hinders their ability to plan for their personal futures and the future

of their businesses, to relocate to the U.S. or obtain legal status in the U.S., and to provide for themselves and their family members.

17. The Plaintiffs' actual, concrete and particular injuries are directly tied to the Defendants' failure to timely adjudicate their immigration cases.

18. Plaintiffs therefore have standing.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. No exhaustion requirement applies to the Plaintiffs' complaint for a Writ of Mandamus.  The Plaintiffs are owed a duty – the adjudication of their properly filed visa petitions and applications, which have been duly filed with USCIS.  Defendants have unreasonably delayed  and failed to adjudicate the Plaintiffs' petitions and applications for between three and five years.  Plaintiffs have  no other adequate remedy available for the harm they seek to redress – the government's failure to timely adjudicate their immigration petitions.

## PARTIES

20. Plaintiff Petitioners, based out of San Antonio, Texas, are independently owned and operated franchisees of Pizza Hut, Taco Bell, and Wendy's restaurants.

21.  Plaintiff MUY Pizza-Tejas, LLC is the franchisee owner of multiple Pizza Hut locations and the petitioning employer for 9 of the Plaintiff Beneficiaries included in this action. MUY Pizza-Tejas, LLC acquired MUY Pizza Houston on December 26, 2017 and MUY Pizza Southeast on December 31, 2019, and became the successor in interest of the various petitions filed by the now acquired companies. As successor in interest, Plaintiff MUY Pizza-Tejas, LLC is now the petitioner for those beneficiaries. Plaintiff has invested significant time and resources in the long-pending petitions and is suffering harm as a result of the unreasonable delay in adjudication.

7

22. Plaintiff MUY Brands, LLC is the franchisee owner of multiple Taco Bell locations and the petitioning employer for 8 of the Plaintiff Beneficiaries included in this action. Plaintiff has invested significant time and resources in the long-pending petitions and is suffering harm as a result of the unreasonable delay in adjudication.

23. Plaintiff MUY Hamburger Partners, LLC is the franchisee owner of multiple Wendy's locations and the petitioning employer for 26 of the Plaintiff Beneficiaries included in this action. Plaintiff has invested significant time and resources in the long-pending petitions and is suffering harm as a result of the unreasonable delay in adjudication.

24. The Plaintiff Beneficiaries referenced above are foreign nationals from Korea, Malaysia, Taiwan, Vietnam, and Hong Kong who are the beneficiaries of employment-based petitions filed on their behalf by MUY Pizza-Tejas, LLC or its predecessors; MUY Brands, LLC; and MUY Hamburger Partners, LLC.

25. Plaintiffs Seung Jae Jeon, Seungji Hong, Yunkyung Choi, Seongjun Park, Sungshin Lee, Sungshim Kim, Gieop Bae, Dahye Bae, Ji Yeon Kim, Kil Hoon Lee, Hyunju Choi, Jason Yu Hock Tan, Yi-Hsuan Lin, Giang Vu Huong Nguyen, Quang Minh Thai, Nahyun Lee, Junghee Kho, Yi Eun Lim, Jungmin Lee, Son Thai Le, Yan Yi Tai, Mai Thi Phuong Dao, Van Thi Khanh Ngo, Byungdoo Choi, Jaeheon Shin, Kyu Jin Ham, and Hunh Huu Quoc Nguyen are living in the U.S. and filed Form I-485 applications for adjustment of status between November 2016 and July 2018.

26. These Plaintiffs have been waiting over two and a half years, and some as long as five years, for adjudication of their petitions and applications. Plaintiffs have had their lives put on hold while awaiting adjudication of these petitions. Their lack of permanent status makes it

impossible to settle into their lives in the United States and plan for the future, despite having lawfully made this their home for years.

27. Plaintiffs Vuong Van Vu, Uijun Hong, Linh Thi Hong Nguyen, Ching Hang Yung, Yim Ling Kwan, are beneficiaries of I-140 petitions that were approved between June 2017 and September 2019. They have been waiting abroad for their approved petitions to be sent from U.S. Citizenship and Immigration Services to the National Visa Center for consular processing, or for the National Visa Center to send them to the consulate for interview. Plaintiffs have suffered harm due to the constant insecurity of their future. They are unable to plan long-term in their home countries as they are hopeful for their applications to be approved. Some of them have children who have aged out or are in danger of ageing out of the process. They have invested significant time and energy into this process with hopes they would soon have employment in the United States. Their I-140 petitions were approved years ago, but their cases have languished without final action.

28. Plaintiffs Hana Seo, Chun-Ling Lee, Tuyet Thi Nguyen, Ho Joon Choi, Taehun Kang, Quang Truong Nquyen, are beneficiaries who all have I-140 petitions pending. Their petitions were filed between November 2016 and June 2017. They have all been waiting over three and a half years for adjudication of their petitions. Applicants are unable to plan long-term for themselves and their families as they wait years without a response.

29. Plaintiffs Dongchun Shin, Thao Thi Quynh Dang, Sang Thanh Phan, Thi Thuy Tien Le, and Trang Thi Ngoc Nguyen all have I-140 petitions that were returned to USCIS after the Plaintiffs were interviewed at a consulate abroad. Plaintiffs were interviewed between October 2016 and August 2018. Since the dates of their interviews, between two and a half to four plus

years ago, no further action has been taken on their cases. Plaintiffs' I-140 petitions were filed between January 2016 and September 2017.

30. Defendant Peter Gaynor is the Acting Secretary of the Department of Homeland Security (DHS). The Secretary of DHS is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

31. Defendant Kenneth T. Cuccinelli is the unlawfully appointed Acting Director of USCIS[2] . The Director of USCIS is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). Mr. Cuccinelli is named as Defendant because no one has yet been lawfully appointed to take the position. He is sued in his official capacity only.

32. USCIS is an agency of the United States in charge of reviewing and deciding benefit applications including petitions such as those filed by Plaintiffs.

33. Defendant Jeffrey A. Rosen is the Acting Attorney General of the United States.  He is in charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for petitioners for immigration benefits.  He is sued in his official capacity only.

34. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for petitioners.  He is sued in his official capacity only.

---

[2] The U.S. District Court in Washington ruled that Mr. Cuccinelli was unlawfully appointed to his position as Acting Director of USCIS. *See L.M.-M. v. Cuccinelli*, 442 F.Supp.3d 1 (D.D.C. 2020).

35. Defendant FBI is an agency of the United States in charge of conducting background checks for petitioners.

36. Defendant Mike Pompeo is the United States Secretary of State and as such is the head of the Department of State. He is sued in his official capacity only.

37. Defendant United States Department of State is an agency of the United States in charge of issuing visas.

38. Defendants are in charge of the processing and adjudication of petitions and related background checks for immigration benefits

## LEGAL FRAMEWORK

Administrative Procedure Act ("APA"):

39. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1).

Petitions for Employment-Based Immigrants:

40. Any U.S. employer desiring to employ an alien within the U.S. may file a petition for classification of the alien as an immigrant worker. *See* INA § 204(a)(1)(F).

41. There are five categories of workers listed in the INA. All Plaintiff Beneficiaries are classified as "other workers" or EB-3 category.

42. 8 USC § 1153(b)(3)(A)(iii) defines "other workers" as "Other qualified immigrants who are capable, at the time of petitioning for classification under this paragraph, of performing unskilled labor, not of a temporary or seasonal nature, for which qualified workers are not

available in the United States." The regulations further explain that unskilled labor is that requiring less than two years training or experience. 8 C.F.R. § 204.5(j)(4)(I)(2).

43. To be considered for an employment-based visa, the prospective employer must first obtain a labor certification approval from the Department of Labor. This requires the petitioning employer to document efforts to recruit and hire U.S. workers for the available position. This documentation is submitted to the Department of Labor using ETA Form 9089 Foreign Labor Certification application. When the Department of Labor is satisfied that no qualified U.S. citizens applied for the job in question, they certify the labor certification, allowing for the I-140 petitioning stage to begin.

44. Per the Department of Labor's Final Rule to Reduce the incentives and opportunities for Fraud and Abuse and Enhancing Program Integrity (May 17, 2007), the employer is required to bear the cost of the labor certification process. *See* 20 C.F.R. § 656.12(b): ("An employer must not seek or receive payment of any kind for **any activity related to obtaining permanent labor certification**…"

45. 20 C.F.R. §656.12(b) specifically relates to "permanent labor certification" and there is no similar regulation or requirement for the remaining steps in the process, such as the I-140 petition.

46. After a labor certification is approved by the Department of Labor, a petition to classify an alien under INA § 203(b)(3) may be filed, using Form I-140, Petition for Immigrant Worker. 8 C.F.R. § 204.5(a)(2). The petition is considered properly filed if it is accompanied by the required labor certification and other required documentation. *Id*.

47. USCIS's posted processing time to adjudicate Form I-140 for unskilled workers is 5.5-7.5 months. *See* Exhibit 1.

12

48. Upon approval of the visa petition, the Secretary of Homeland Security can either change or extend the status of the foreign national if he is in the United States, or forward a copy of the approval to the Department of State so that foreign nationals who are outside the United States can apply for a visa stamp to enable them to enter the United States and be admitted in the status for which they were petitioned.

49. Beneficiaries who are already in the U.S. apply for adjustment of status using Form I-485. Their applications are either approved without an interview or forwarded to the local office that has jurisdiction over the beneficiary's place of residence. USCIS's posted timeline for adjudication of form I-485 for employment-based applications is 11-30 months. *See* Exhibit 2.

50.  Beneficiaries who are abroad are scheduled for an interview at their local U.S. consulate post abroad.

51.  The Department of State fingerprints applicants and transmits those fingerprints electronically to the FBI in order to conduct background checks. The background checks are typically instantaneous as the vast majority of visa applicants are issued visas within three days of being fingerprinted.

## FACTUAL AND PROCEDURAL BACKGROUND

52. Plaintiffs MUY Hamburger Partners LLC, Muy Brands LLC, and MUY Pizza-Tejas LLC (through the entities it acquired) properly completed the labor certification process and received approved labor certification for all Plaintiff Beneficiaries' positions.

53. After completing the labor certification process, Plaintiff Petitioners filed Form I-140 petitions for all Plaintiff Beneficiaries.

54. Twenty-seven of the Plaintiff Beneficiaries are present in the U.S. and have properly filed form I-485, Application to Register Permanent Residence. They have been waiting over three years, and some as long as five years, for adjudication of their applications.

55. USCIS's own posted processing times for employment-based I-485 petitions are 11.5-30 months. Upon information and belief, these are inflated numbers that do not represent the reality of approximately 6-12 months for full adjudication of an employment-based adjustment of status application.  Plaintiffs have been waiting far longer than even the inflated numbers without hope of adjudication in sight.

56.     Five of the Plaintiff Beneficiaries are outside of the U.S., waiting in limbo for USCIS to send their approved I-140 petitions to the National Visa Center for processing or for the National Visa Center to forward them to the consulate so they can be scheduled for an interview in their home countries. They have been waiting approximately two and a half to five years, since their I-140 petitions were filed, and no final action has been taken on their cases.

57. Six of the Plaintiff Beneficiaries are still waiting for a decision on their long pending I-140 petitions. Their petitions were filed between November 2016 and June 2017. They have all been waiting over three years and no decision has been issued on their petitions.

58.     Five of the Plaintiff Beneficiaries have had their previously approved I-140 petitions returned to USCIS after the Plaintiffs were interviewed at a consulate abroad. Plaintiffs were interviewed between October 2016 and August 2018. Since the date of their interviews, between two and a half to over four years ago, no further action has been taken on their cases which have neither been approved nor denied.

59. To date, Defendants have taken no further action on Plaintiffs' petitions or applications and have offered no excuse for their unreasonable delay.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

60. The allegations contained in paragraphs 1 through 59 above are repeated and re-alleged as though fully set forth herein.

61. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

62. Defendants in this case have failed to complete adjudication of Plaintiffs' employment-based visa petitions and allowed their cases to languish at various stages in the process for years. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs. Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 555, 702, 704,706 (APA CLAIMS)

63. The allegations contained in paragraphs 1 through 59 above are repeated and re-alleged as though fully set forth herein.

64. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b). To ensure that agencies comply with this provision, the APA provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706(1).

65. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency inaction. 5 U.S.C. § 702. Plaintiff is aggrieved by agency inaction for which there is no other adequate remedy in court. 5 U.S.C. § 704.

66. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

67. The allegations contained in paragraphs 1 through 59 above are repeated and re-alleged as though fully set forth herein.

68. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority for the Court to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to properly adjudicate Plaintiffs' long-pending petitions.

69. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiffs clearly meet all three of these criteria.

70. The Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking employment-based visas, including submission of all necessary forms and supporting documents.

71. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

72. The Defendants owe the Plaintiffs a duty to adjudicate their long-pending petitions and applications, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiffs have no alternative means to obtain adjudication of their applications and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

73. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of

time). The Plaintiffs have all been waiting over three years, and some as long as five years, for adjudication of their cases - well beyond a reasonable period of time. Morevoer, Defendant USCIS' delays have violated its own published standards for processing times. This is an unacceptable and unreasonable delay.

74. Plaintiffs are entitled to action on their long-pending immigration petitions, because an unreasonable amount of time has passed since they were filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiffs.

75. Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay is unlawful and contrary to law;

C.  Order Defendants and those working under them to immediately adjudicate the pending petitions and applications;

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412; and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 20th day of January 2021.


/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiffs
Noble & Vrapi, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
olsi@noblevrapi.com

/s/ Jennifer S. Roberts.

Jennifer S. Roberts
Juniper Legal, PLLC
P.O. Box 292
Acme, WA 98220
jennifer@juniper-legal.com